**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-01458-CAS (SSx) | Date | September 18, 2017 |
|---|---|---|---|
| Title | BEEMER V. UNIVERSITY OF SOUTHERN CALIFORNIA ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Ingrid Valdes | Laura Elias | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| No Appearance | Puneet Sandhu |

**Proceedings:** PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 77, filed August 4, 2017)

## I. INTRODUCTION & BACKGROUND

On February 27, 2015, Troy Beemer initiated this action against the University of Southern California ("USC"). Dkt. 1. Beemer alleges four claims against USC for (1) disability discrimination in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. §794 ("Section 504"); (2) failure to make a reasonable accommodation in violation of the Americans with Disabilities Act ("ADA"); (3) disability discrimination and sexual harassment in violation of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51 et seq. ("Unruh Act"); and (4) gender discrimination in violation of Title IX, 20 U.S.C. § 1681. Id. The gravamen of Beemer's complaint is that he faced sexual harassment and disability discrimination while enrolled in USC's Nurse Anesthetist program (the "Program").

On June 26, 2017, USC filed a motion for summary judgment on all of Beemer's claims. Dkt. 70. The Court granted defendant's motion for summary judgment on July 24, 2017. Dkt. 75 (the "Order"). On August 4, 2017, plaintiff filed a motion to reconsider the Court's Order granting summary judgment. Dkt. 77 ("MTR"). Defendant filed its opposition on August 28, 2017. Dkt. 82 ("Opp'n").

On September 18, 2017, the Court held oral argument, at which plaintiff did not appear.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT "O"
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-01458-CAS (SSx) | Date | September 18, 2017 |
|---|---|---|---|
| Title | BEEMER V. UNIVERSITY OF SOUTHERN CALIFORNIA ET AL. | | |

## II. LEGAL STANDARDS

Local Rule 7–18 sets forth the grounds upon which the Court may reconsider the decision on any motion:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. L.R. 7–18.

Further, Federal Rule of Civil Procedure 60(b) provides that the Court may reconsider a final judgment and any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Under Rule 60(b) (6), the so-called catch-all provision, the party seeking relief "must demonstrate both injury and circumstances beyond [her] control that prevented [her] from proceeding with the action in a proper fashion." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006). In addition, the Ninth Circuit has confirmed that "[t]o receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered [her] unable to prosecute [her] case." Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010). This Rule must be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (quoting United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005)). Any Rule 60(b) motion must be brought within a reasonable time and no later than one year after entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1).

UNITED STATES DISTRICT COURT "O"
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-01458-CAS (SSx) | Date | September 18, 2017 |
|---|---|---|---|
| Title | BEEMER V. UNIVERSITY OF SOUTHERN CALIFORNIA ET AL. | | |

### III. DISCUSSION

Plaintiff requests the Court to reconsider its July 24, 2017 Order granting defendant's motion for summary judgment.[1] MTR at 2. Plaintiff contends there was a manifest showing of a failure to consider material facts presented to the Court before its decision. Id.

First, plaintiff argues that the Court should reconsider its Order because defendant failed to meet its summary judgment burden. Id. To establish a prima facie claim for disability discrimination, a plaintiff must show:

(1) He qualifies as disabled within the meaning of the applicable statutes;

(2) He was "otherwise qualified" to remain a student in the program, i.e., he can meet the essential eligibility requirements of the school, with or without reasonable accommodation;

(3) He was dismissed because of his disability; and

(4) USC receives federal financial assistance (for the Section 504 claim), is a public entity (for the ADA claim), and/or is a business establishment (for the Unruh Act claim).

Zukle v. Regents of Univ. of California, 166 F.3d 1041, 1045 (9th Cir. 1999); Cal. Civ. Code § 51(b). Plaintiff contends that, although the Court stated in its Order that plaintiff failed to establish the nature of his disability, defendant did not dispute whether plaintiff possessed a disability that qualified under the Americans with Disabilities Act or section 504 of the Rehabilitation Act. MTR at 2. Thus, despite the Court's discussion to the contrary, plaintiff argues that it is undisputed by the parties that plaintiff had a disability that required accommodations. Id. at 2–3. With respect to the second element of a prima facie discrimination claim, plaintiff contends that defendant's statement of facts states that "USC did not remove Beemer from the Program," and accordingly, there is no

---

[1] The Court notes that plaintiff makes this request "pursuant to Rule 54(b)" of the Federal Rules of Civil Procedure and Local Rule 7–18." MTR at 2. Yet Rule 54(b) concerns judgment on multiple claims or involving multiple parties. The proper rule under which plaintiff should make his request is FRCP 60(b), which concerns grounds for relief from a final judgment order.

UNITED STATES DISTRICT COURT                                    "O"
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-01458-CAS (SSx) | Date | September 18, 2017 |
|---|---|---|---|
| Title | BEEMER V. UNIVERSITY OF SOUTHERN CALIFORNIA ET AL. | | |

dispute as to whether plaintiff was "otherwise qualified" to remain a student in the Program. Id. at 3 (citing Dkt. 70-2 at 17).

Therefore, plaintiff argues, the only issue that remains is whether plaintiff was dismissed from the Program based on his disability. Id. According to plaintiff, the Court mistakenly viewed plaintiff's written "plan for returning to clinical training" as his mandate for accommodations for his injuries, because plaintiff subsequently expanded his request for clinical training to include an additional hospital. Id. The Court accepted defendant's assertions that these requests would have resulted in a fundamental or substantial modification of the Program's curriculum. Id. Yet, plaintiff contends, plaintiff was not actually precluded from receiving the clinical rotations necessary to complete the required cases at the hospitals he requested, and because the facts do not show that plaintiff had to complete clinical cases within any specific timeframe (even the ones at Cedars-Sinai Medical Center), defendant could have simply extended the time for plaintiff to complete the clinical cases at Cedars-Sinai in order to accommodate plaintiff's difficulty travelling. Id. at 3–4. Plaintiff argues that defendant gave no evidence that this accommodation could not have been made. Id. at 4. Accordingly, there *were* options available to permit plaintiff to complete the Program without fundamentally altering the nature of the Program. Id. Defendant's refusal to make this reasonable accommodation precluded plaintiff from continuing in the program. Id. Therefore, plaintiff argues, whether defendant's failure to allow the reasonable accommodations constructively dismissed plaintiff from the Program is a fact that is still in dispute. Id.

In response, defendant argues that plaintiff's motion does not make the required "manifest showing" of a failure to consider material facts presented to the Court. Opp'n at 1. Plaintiff does not point the Court to any evidence that the Court did not explicitly consider in its Order, or evidence that would establish a genuine issue of material fact that precludes summary judgment. Id.

Defendant contends that plaintiff, for the first time, asserts that there is a genuine issue of material fact which precludes summary judgment—namely, a *new* accommodation that he never sought from defendant, and one that he never alleged at any point during the litigation or in opposition to the summary judgment motion.[2] Id. at 2.

---

[2] Defendant also notes that, by invoking this new modification to the Program, plaintiff "effectively concedes" that his request to train only at particular hospitals—the

| | | | |
|---|---|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | | | "O" |
| **CIVIL MINUTES - GENERAL** | | | |
| Case No. | CV 15-01458-CAS (SSx) | Date | September 18, 2017 |
| Title | BEEMER V. UNIVERSITY OF SOUTHERN CALIFORNIA ET AL. | | |

This new accommodation is that, by virtue of a time extension, plaintiff could have driven to Cedars-Sinai and would have agreed to do so in order to complete his clinical coursework, despite plaintiff's assertion that he had a disability that caused him difficulty driving. Id. Yet plaintiff fails to point to evidence that establishes whether this newly asserted modification of the Program was reasonable, or would have rendered plaintiff "otherwise qualified." Id.

   Additionally, defendant argues that the Court did *not* mistakenly conclude that plaintiff was not "disabled" within the meaning of the applicable statutes. Instead, after considering the material facts, the Court stated that plaintiff was unable to provide evidence to support two of the necessary elements for a prima facie disability discrimination claim—(1) that plaintiff was dismissed from the program, and (2) that plaintiff was otherwise qualified to remain in the Program. Id. at 4 (citing Order at 16, 20). The Court specifically concluded, based on the evidence presented, that plaintiff was not dismissed from the Program. Id. (citing Order at 16). Out of caution, the Court went on to address plaintiff's argument that he was unable to return to the Program because of defendant's failure to accommodate his disability, and concluded that the undisputed evidence supported inferences in defendant's favor that plaintiff was afforded reasonable accommodations and denied unreasonable ones. Id. (citing Order at 20). Thus, plaintiff has failed to make a "manifest showing" that the Court failed to consider material facts with respect to these two elements. Id.

   As the Court concluded in its Order, the Court finds that plaintiff was not dismissed, directly or constructively, from the Program. Order at 16. This fact was undisputed at summary judgment. Id. at 16. Defendant did not dismiss plaintiff, as plaintiff was granted medical leave and subsequently failed to enroll in courses or otherwise return to the Program. Id. at 16–17. Insofar as there may have been a constructive dismissal because plaintiff was *unable* to return to the Program, plaintiff failed to provide evidence to support this assertion. Id. at 16. Plaintiff contended that his clinical work had to occur at particular hospitals in order to make his commute shorter— yet he did not provide evidence of his home address, the location of the hospitals, why other forms of transportation were unavailable, why he could not endure driving, or how driving related to his disability. Order at 17, n. 10.

---

basis on which plaintiff has proceeded throughout this litigation—would have resulted in a fundamental or substantial alteration of defendant's program and standards.

CV-1458 (09/17)     **CIVIL MINUTES - GENERAL**     Page **5** of **6**

UNITED STATES DISTRICT COURT                    "O"
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-01458-CAS (SSx) | Date | September 18, 2017 |
|---|---|---|---|
| Title | BEEMER V. UNIVERSITY OF SOUTHERN CALIFORNIA ET AL. | | |

Out of caution—if plaintiff *was* indeed constructively dismissed from the program—the Court considered the material facts before it as to whether plaintiff was "otherwise qualified." Id. at 17–20. The Court observed that the few accommodations that plaintiff was denied would have required a substantial alteration of the Program, or would not have permitted plaintiff to meet Program standards. Id. at 18. In the instant motion, plaintiff argues an entirely new possible modification of the Program—a time extension that would have afforded him more time to complete the Program. MTR at 3–4. Plaintiff notes that the Program had to be completed in 24 months, and he contends that the simple accommodation of extending the 24-month period in which he could prepare cases at Cedars-Sinai would have accommodated his difficulty travelling. Id. The Court finds three problems with plaintiff's new contention. First, if this simple time extension was an available accommodation to plaintiff, it is unclear why he never raised it with defendant. Second, if such an accommodation was requested from defendant, plaintiff fails to state why he never presented the request to the Court prior to its decision on summary judgment. Instead, plaintiff opposed summary judgment by arguing that he should have been able to complete the Program at other facilities within a reasonable driving distance. See Order at 17–22; Dkt. 72 at 4. Third, plaintiff fails to offer any logical reason as to why he was unable to present the request to the Court at the time of summary judgment. Therefore, plaintiff fails to demonstrate that there was a "manifest showing" of failure to consider material facts presented to the Court in its July 24, 2017 order. In addition, plaintiff fails to demonstrate any mistake, surprise, excusable neglect, newly discovered evidence, fraud, or extraordinary circumstances that would justify relief from final judgment pursuant to Rule 60(b). See ACandS, Inc., 5 F.3d at 1263.

Accordingly, plaintiff's motion is **DENIED**.

### IV.  CONCLUSION

In accordance with the foregoing, the Court hereby **DENIES** plaintiff's motion for reconsideration of the Court's July 24, 2017 order granting defendants' motion for summary judgment.

IT IS SO ORDERED.

|  | : | 02 |
|---|---|---|
| Initials of Preparer | IV | |