**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 6 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TROY BEEMER,<br><br>                    Plaintiff-Appellant,<br><br>    v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA and DOES, 1-10,<br><br>                    Defendants-Appellees. | No.    17-56573<br><br>D.C. No.<br>2:15-cv-01458-CAS-SS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted March 4, 2019[**]
Pasadena, California

Before:  KLEINFELD, Circuit Judge, COLE, [***] Chief Judge, and NGUYEN, Circuit Judge.

Troy Beemer appeals the district court's grant of summary judgment in favor

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable R. Guy Cole, Jr., United States Chief Judge for the Sixth Circuit Court of Appeals, sitting by designation.

of the University of Southern California ("USC") on Beemer's claim that USC failed to reasonably accommodate his disabilities under the Americans with Disabilities Act, 42 U.S.C. § 12132; the Rehabilitation Act, 29 U.S.C. § 794; and the Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

To establish a prima facie case of disability discrimination, Beemer must show that (1) he is disabled, (2) he is "otherwise qualified," to remain at USC, meaning that he "can meet the essential eligibility requirements [] with or without reasonable accommodation," (3) he was dismissed "solely because of [his] disability," and (4) USC "receives federal financial assistance (for the Rehabilitation Act claim), or is a public entity (for the ADA claim)."  *Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir. 1999).  Professional schools are not required to "lower or to effect substantial modifications of standards" to accommodate a person living with a disability.  *Se. Cmty. Coll. v. Davis*, 442 U.S. 397, 413–14 (1979) (holding that nursing school lawfully denied admission to applicant with hearing impairment).

Here, construing the facts in the light most favorable to Beemer, *see Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011), we hold that the district court properly granted summary judgment to USC.  As the district court concluded, USC never dismissed Beemer from the Nurse Anesthetist program.

2

Rather, Beemer chose not to return following a medical leave of absence. Beemer's prima facie case fails because the third element—that he was dismissed due to his disability—was not met.

Beemer's argument that he was constructively dismissed from the program is unsupported by the evidence. But even assuming that Beemer was constructively dismissed, his claims would nevertheless fail because he was not otherwise qualified for the program despite receiving reasonable accommodations from USC, which included allowing Beemer to take time off, leave clinical sites early in order to have extra time to prepare patient care plans, delay completion of mandatory clinical training, and receive extra time for examinations. Despite these accommodations, Beemer performed poorly. While enrolled in the classroom portion of the program, he repeatedly failed to attend class, was unresponsive to his team member for a major group presentation project worth forty percent of the course grade, was unresponsive to the course instructor and program director, Dr. Gold, and then ultimately turned in a paper that did not meet the assignment criteria and entirely failed to give the required presentation. Beemer was placed on academic probation but failed to comply with the terms of the probation contract. Beemer faults USC for denying other requested accommodations. However, USC properly denied additional accommodations because they would require substantial modifications of the program's standards.

**AFFIRMED.**